# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JOEL K. KIRUNDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:09-CV-442 |
| | ) |
| AMERICAN WESTERN HOME INSURANCE, | ) |
| and LITTON LOAN SERVICING LP, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF DECISION AND ORDER

This matter is before the court on the motion for summary judgment filed by defendant American Western Home Insurance ("American Western") (docket at 38).[1] American Western also filed a memorandum in support of its motion (docket at 38-1) with attached supporting documentation. Plaintiff Joel K. Kirundi filed a response in opposition to the motion with supporting documentation (docket at 46) and a memorandum (docket at 47), and American Western filed a reply brief (docket at 50). Kirundi also filed a supplemental brief in opposition (docket at 52). Also before the court is American Western's motion to strike (docket at 51) and Kirundi's brief in opposition to that motion (docket at 53). American Western did not file a reply brief in support of its motion to strike. Finally, defendant Litton Loan Servicing, LP ("Litton") filed a motion for joinder, seeking to join in American Western's motion for summary judgment (docket at 40). Magistrate Judge Roger B. Cosbey, to whom this case is assigned on partial referral, granted Litton's motion. For the reasons set forth below, the motion to strike is

---

[1] American Western pointed out in its Answer and other pleadings in this case, including its motion for summary judgment, that it was incorrectly sued as "American Western Home Insurance Company and American Modern Home Insurance Company," while its proper corporate name is simply American Western Home Insurance Company.

DENIED as moot and the motion for summary judgment is GRANTED in favor of both defendants, American Western and Litton. The Clerk is directed to enter judgment in favor of defendants and dismiss this case with prejudice.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c)(2). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson,* 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)).

Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson,* 477 U.S. at 248. In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-

moving party. *See id.* at 255.  However, neither the "mere existence of some alleged factual dispute between the parties," *id.,* 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment.  *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 692 (7th Cir. 2000).  If it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated.  *See Celotex,* 477 U.S. at 322; *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).  A failure to prove one essential element "necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323.  The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case.  *Celotex,* 477 U.S. at 325.  A plaintiff's self-serving statements, which are speculative or which lack a foundation of personal knowledge, and which are unsupported by specific concrete facts reflected in the record, cannot preclude summary judgment.  *Albiero v. City of Kankakee,* 246 F.3d 927, 933 (7th Cir. 2001); *Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir. 1999); *Slowiak v. Land O'Lakes, Inc.,* 987 F.2d 1293, 1295 (7th Cir. 1993).

## DISCUSSION

**1. Motion for Summary Judgment.**

Kirundi filed this action against American Western and Litton on July 30, 2009, in the St. Joseph Superior Court.  American Western removed the case to this court (on the basis of diversity jurisdiction) on September 29, 2009.  On February 1, 2010, Kirundi filed an Amended Complaint, which is the controlling complaint in this case (docket at 19).

3

In his Amended Complaint, Kirundi explains that "[t]his is an action for damages sustained to a certain residential structure located at . . . Brookfield Street, South Bend, St. Joseph County, Indiana on August 1, 2007." Amended Complaint, p. 1. Kirundi owned this residence and leased it to Shawnice Roberts, a tenant who was living in the home at the time of the alleged loss.[2] Memorandum in Support of Motion for Summary Judgment, Exh. 1, Kirundi Deposition, pp. 36 and 38.[3] Kirundi concedes that Litton, the mortgage lender for this property, contracted American Western to obtain an insurance policy for the residence. That is, at the time of the alleged loss, there was a "forced placed" policy covering the residence since Kirundi had failed to obtain a homeowner's policy himself. Amended Complaint, pp. 1-2. Kirundi also states that "Litton is considered an insured under the force placed insurance policy. . ." and that the "policy of insurance was in effect on August 1, 2007." *Id*., p. 2. He then states that he "has an insurable interest in said damaged property." *Id*. According to Kirundi, the property sustained damage in the amount of $45,821.18. Submission of Plaintiff, docket at 52. This damage was the result of some sort of vandalism, although there is some confusion in the pleadings about the cause.[4] Kirundi brought this lawsuit claiming that American Western failed

---

[2] Actually, there is some dispute or confusion as to whether the home was occupied at the time of the alleged loss. American Western presents evidence that the utilities had been shut off well before the incident. But this factual dispute, like several others, does not affect the resolution of the motion for summary judgment.

[3] The page numbers cited by the Court throughout this Order are the page numbers assigned to pleadings and exhibits by the Court's automated docketing system and may or may not coincide with the page numbers placed on those documents by the parties.

[4] In his Amended Complaint, Kirundi stated that the residence in question was damaged by fire. Amended Complaint, p. 3. However, during plaintiff's deposition taken on July 26, 2010, plaintiff's counsel stated that any mention of fire damage was simply counsel's own mistake and that the damage was actually the result of vandalism. Defendants' Exh. 1, Kirundi Deposition, p. 60.

to pay to repair the damage to the residence and that the company's denial of his claim was in bad faith.  Amended Complaint, generally.

American Western (and Litton) seek summary judgment in their favor, alleging that Kirundi has no standing to pursue any legal claim against defendants since he was not a party to the insurance contract and "is not a third party beneficiary to the contract between American Western Home and Litton Loan."  Memorandum in Support, p. 7.  Both defendants maintain that "Plaintiff is not owed under the policy, nor does he have an 'insurable interest,' nor does the policy create any third-party beneficiary interest, or privity of contract, in favor of the Plaintiff."  *Id*.  As an alternative theory, defendants argue that this lawsuit "is barred due to the failure [by Kirundi] to disclose and pursue the claim in his Chapter 7 bankruptcy."  *Id*., p. 16.  It is undisputed that Kirundi filed a Chapter 7 bankruptcy proceeding in the U.S. Bankruptcy Court for the Northern District of Indiana, Hammond Division, on October 25, 2007.  *Id*.  However, defendants point out that Kirundi failed to disclose in that bankruptcy proceeding that he had any claim or potential claim against American Western, as he was required to do under the Bankruptcy Code.  *Id*.  In addition, defendants point out, Kirundi declared in his bankruptcy papers that he had "no interest in insurance policies, and no other contingent and unliquidated claims . . ."  *Id*. (citing Defendants' Exh. 5, Kirundi Chapter 7 Petition and Schedules).  Finally, defendants argue that Kirundi "has committed multiple incidents of concealment, misrepresentation and fraud in the prosecution of this claim."  *Id*., p. 19.  Consequently, according to defendants, even though Kirundi is not a party to the insurance contract, he should be precluded from pursuing any claim under that policy since the policy's express terms state that it "is void in case of fraud, intentional concealment or misrepresentation of a material fact,

by you or any insured, at any time . . ." *Id*. (citing Defendants' Exh. 3, Contract of Insurance, p. 76.

Kirundi asserts that he is entitled to payment of his claim under the policy notwithstanding the undisputed fact that he was not a party to the insurance contract and not a named insured under the policy. Plaintiff's Response in Opposition to Motion for Summary Judgment, docket at 47, pp. 6-8. More specifically, Kirundi claims that as the property owner, he "has an insurable interest in the property and has standing to sue." *Id*., p. 6. He also states that he would be willing to reopen his bankruptcy case to list this claim on his bankruptcy schedules if need be. *Id*., p. 8. However, he also presents an affidavit from the Bankruptcy Trustee who administered his Chapter 7 proceeding and the Trustee states that he has no intention of reopening the case to pursue this claim. Plaintiff's Submission of Evidence, Exh. 4, Affidavit of Joseph D. Bradley. Finally, Kirundi rejects defendants' assertions that he made any fraudulent statements or misrepresentations with regard to this claim for insurance proceeds. Plaintiff's Response., pp. 4-5. Since the Court concludes that defendants' primary argument–that Kirundi lacks standing to bring this action–is a sufficient basis for granting summary judgment, the alternative arguments need not be addressed.

Again, it is undisputed that Litton obtained the property insurance policy from American Wester because Kirundi, as the property owner, failed to purchase such a policy. Defendants note that "[u]nder Indiana law, a third-party beneficiary may directly enforce a contract against an insurance company. In order for this to occur, there must be a third-party beneficiary contract. A third-party beneficiary contract requires that '(1) the intent to benefit the third party be clear; (2) the contract impose a duty on one of the contracting parties in favor fo the third-

party; and (3) the performance of the terms necessarily rendered to the third party a direct benefit intended by the parties to a contract.'" Defendants' Memorandum, p. 8 (citing *Mogenson, et al. v. Martz*, 441 N.E.2d, 34, 35 (Ind.App. 1982)). Indeed, the elements needed to establish a third-party beneficiary interest under an insurance contract (or any other contract) under Indiana law are well established. *See, Zurich American Ins. Group v. Wynkoop*, 746 N.E.2d 985, 991 (Ind.App. 2001). As defendants argue:

> [I]t is apparent that the Plaintiff, Joel Kirundi, does not have privity nor is he a third-party beneficiary of the contract. The evidence clearly shows that the Defendants did not intend to have a third-party beneficiary contract. The contract existed solely between American Western Home Insurance Company and Litton Loan Servicing, LP. None of the required elements for a third-party beneficiary contract are present. First, the parties did not intend to benefit the Plaintiff. Second, there was no duty imposed on the contracting parties to benefit Plaintiff Kirundi. Finally, the terms of the contract did not render a direct benefit to the Plaintiff that was intended by the Defendants as a necessary condition, or express condition of the contract.
`

Defendants' Memorandum, p. 10. Under Indiana law, it is not enough that the performance of the terms of a contract would in some way benefit a third party. *Cain v. Griffin*, 849 N.E.2d 507, 514 (Ind. 2006).

In fact, as defendants point out in their brief, Kirundi presented this exact issue in another case filed in this Court involving another property he owned. In *Kirundi v. Assurant Specialty Property*, 2010 WL 1710649 (N.D.Ind. April 26, 2010), Kirundi filed a lawsuit claiming he we entitled to be paid insurance proceeds from defendant after another residence he owned was damaged by fire. Once again, Kirundi had failed to purchase an insurance policy protecting the property so the lender, Ameriquest Mortgage Company, obtained a "forced-placed" policy on the property to protect its security interest, just as Litton Loan did in the present case. The defendant filed a motion for judgment on the pleadings, claiming that Kirundi was not a named insured or a

third-party beneficiary and thus had no standing to sue to attempt to recover insurance proceeds.

Judge Rudy Lozano granted the motion, explaining as follows:

> In order to recover under a breach of contract claim, a plaintiff must prove that: "(1) a contract existed; (2) the defendant breached the contract; and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney,* 871 N.E.2d 363, 370 (Ind.Ct.App. 2007); *see Smith v. State Lottery Comm'n of Indiana,* 812 N.E.2d 1066, 1072 (Ind.Ct.App. 2004). The mere presence of a contract does not satisfy the first element of a breach of contract claim; on the contrary, Indiana law has consistently held that "only the parties to a contract, those in privity with the parties, and intended third-party beneficiaries under the contract may seek to enforce the contract." *Harold McComb & Son, Inc. v. JPMorgan Chase Bank, NA,* 892 N.E.2d 1255, 1258 (Ind.Ct.App. 2008) (citing *Gonzales v. Kil Nam Chun,* 465 N.E.2d 727, 729 (Ind.Ct.App. 2004). A third-party beneficiary "may sue the insurer directly to enforce the contract between the insurer and the insured." *Cain v. Griffin,* 849 N.E.2d 507, 514 (Ind. 2006). However, it is not enough that the performance of the contract would benefit the third party. *Id.* (citing *OEC-Diasonics, Inc. v. Major,* 674 N.E.2d 1312, 1315 (Ind. 1996). "The intent of the contracting parties to bestow rights upon a third party must affirmatively appear from the language of the instrument when properly interpreted and construed." *Id.* (quoting *OEC-Diasonics,* 674 N.E.2d at 1315). The basis behind this approach is couched in long-standing Supreme Court jurisprudence: "The parties to a contract are the ones to complain of a breach, and if they are satisfied with the disposition which has been made of it and of all claims under it, a third party has no right to insist that it has been broken." *Williams v. Eggleston,* 170 U.S. 304, 309, 18 S.Ct. 617, 42 L.Ed. 1047 (1898).
>
> Plaintiff's Complaint is limited to blanket assertions that the Property was covered under the Policy at the time of the fire and that Plaintiff is entitled to the benefits under the Policy. (Complaint ¶¶ 3, 5). In addition to the Complaint, the Policy itself lists AMC as the sole named insured party (Ex. A, Policy at 1) and the Coverage Letter reveals that the Policy was ordered to protect AMC's interest alone (Ex. B, Coverage Letter). The facts also reveal that the insurer paid the Policy benefits to the insured, further eliminating any potential third-party beneficiary claim. (Answer ¶ 4). Based on these allegations and the evidence brought forward by the Defendants, Plaintiff has not set forth a sufficient basis to establish standing to bring a claim under the Policy.

*Kirundi v. Assurant Specialty*, 2010 WL 1710649 at *2-3. The facts in the case at bar, and the claims Kirundi is making, are virtually identical to those in the *Assurant* case. Litton Loan

obtain the insurance policy from American Western; Litton is the only named insured on the policy; the policy contains no language whatsoever that could be construed to create a third-party beneficiary relationship in favor of Kirundi; and, in his Amended Complaint, Kirundi makes the same "blanket assertions" Judge Lozano referred to–claiming that he is entitled to insurance proceeds because he had an alleged "insurable interest" in the property covered under the policy.  But his claims fail for precisely the same reasons they failed before Judge Lozana.  Summary judgment is granted in favor of defendants American Western Home and Litton Loan Servicing.

        **2.  Motion to Strike.**

American Western filed its motion to strike asking the Court to strike certain paragraphs from the Verified Statement of Plaintiff Joel Kirundi, which appears as Exhibit 2 in plaintiff's evidentiary submissions (docket at 46).  However, in light of the Court's granting of summary judgment in favor of both American Home and Litton, and because the statements American Home seeks to strike do not alter the Court's conclusion or analysis, the motion is denied as moot.

**CONCLUSION**

For the reasons set forth above, the motion for summary judgment filed by defendant American Western Home Insurance Company, and joined by defendant Litton Loan Servicing, LP, is GRANTED as to both defendants; the motion to strike filed by American Home is DENIED as moot.  The Clerk is directed to enter judgment in favor of defendants and dismiss this case with prejudice.

Date: March 2, 2011.

                                               /s/  William C. Lee  
                                                        William C. Lee, Judge  
                                                 United States District Court  
                                                 Northern District of Indiana